Zobel, J.
The parties, having agreed to all material facts (and many of the legal issues), present only two questions for the Court’s determination: (1) Does the Billerica Zoning By-Law prohibit outside or “open air” storage of all materials and equipment in Industrial Districts even if the storage is ancillary to a permitted, principal use? (2) May trucks, freight cargo containers, or trailers be used for temporary ancillary storage or warehousing of materials or supplies?
C&J Trucking (“C&J”) operates a packaging facility (“the Premises”), light manufacturing, as defined by Zoning By-Law 5.7.2, located in an Industrial District. The facility packages loose used paper which it then sends to paper mills for recycling.
Loose used paper arrives in roll-off containers, trucks, and trailers. From the transporting vehicle, the product is goes into the building for packaging. Then it goes to a waiting vehicle for transport to the ultimate consumers.
Occasionally, an outbound vehicle will not receive its full load all at once, and will instead wait a brief period for loading to finish. Also, scheduling requirements either of transport or of end-users sometimes cause a fully-loaded vehicle to remain temporarily on the Premises. Finally, C&J uses an area on the Premises for storing pallets and other items necessary to the packaging operation.
The questions thus boil down to factual issues. If the nature of the operation with respect to the partially filled trucks is that they are being used for storage, C&J is in violation of the Zoning By-Law. If the manner in which the operation deals with fully loaded trucks amounts to a truck terminal, C&J would likewise be violating the Zoning By-Law. Finally, if the placement of the pallets and other gear amounts to storage (as opposed to mere temporary placement, i.e., accessory use) C&J would be in breach of the Zoning By-Law.
As to these factual questions, the Court must defer to the Building Inspector and the Zoning Board of Appeal. Absent any evidence that the administrative officials acted in an arbitrary or capricious manner, or that they lacked substantial evidence to support their conclusion, the administrative conclusion must stand.
It may be that some storage space is a necessary component of the sort of enterprise involved here. Salah v. Board of Appeals of Canton, 22 Mass.App.Ct. 488, 493 (1974); Maloney v. Chelsea, 20 Mass.App.Ct. 91, 95 (1985). Whether C&J’s various activities exceed the permissible limit is, however, precisely the sort of determination that a court should leave to the officials on the ground, provided, that the record discloses — as this record does — that they have reached their decision rationally and exercised their discretion fairly.
ORDER
Accordingly, it is Ordered that Judgment enter forthwith: The decision of the Town of Billerica Zoning Board of Appeal is Affirmed.